# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONROE WEEKLEY, III, | ) | |
| | ) | Civil Action No. 11 – 1625 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| WILLIAM SCHOUPPE, CAROL STEELE, and JENNIFER MONZA, | ) ) | ECF No. 24 |
| | ) | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Monroe Weekley, III ("Plaintiff") is a Pennsylvania state inmate currently incarcerated at the State Correctional Institution at Pittsburgh. He initiated this action on December 22, 2011, alleging violations of his federal constitutional rights under the Fourteenth Amendment to the United States Constitution while a pretrial detainee in the Beaver County Jail. He names as Defendants the following Beaver County Jail employees: (1) William Schouppe, Warden; (2) Carol Steele, Director of Treatment; and (3) Jennifer Monza, Treatment Counselor. Defendants have filed a Motion to Dismiss Plaintiff's Complaint or, in the alternative, a Motion for Summary Judgment (ECF No. 24) and Plaintiff has responded in opposition to the Motion (ECF Nos. 28, 29.) The Motion to Dismiss will denied and the Motion for Summary Judgment granted for the reasons set forth below.

### I. Plaintiff's Allegations

Plaintiff alleges that, "without a cause," Defendants Monza and Steele "placed [him] in isolation in the medical unit as administrative segregation for [his] status" and refused to remove

1

him. (Plaintiff's Complaint, ECF No. 3 at 3.) He also alleges that Defendant Schouppe did not respond to his grievance appeals about his administrative segregation status and about his conditions and treatment while in custody at the Beaver County Jail. Id. He alleges that, because of Defendants' conduct his rights to due process under the Fourteenth Amendment to the United States Constitution were violated.

## II. Legal Standard

Defendants have filed a motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56.

### 1. Motion to Dismiss

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more

2

than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. Id. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gills, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

**2. Motion for Summary Judgment**

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the record indicates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element to that party's case and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence or the lack thereof that demonstrates the absence of a genuine issue of material fact. National State Bank v. Federal Reserve Bank of New York, 979 F.2d 1579, 1582 (3d Cir. 1992). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990) (quoting Anderson, 477 U.S. at 251-52). If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50. Finally, while any evidence used to support a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form. *See*

Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324; J.F. Feeser, Inc., v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990).

## III. Discussion

Defendants move for dismissal of Plaintiff's Complaint on the basis that it fails to state either a procedural or substantive due process claim under the Fourteenth Amendment. In the alternative, Defendants move for summary judgment on the basis that Plaintiff has failed to demonstrate that question of fact exist as to whether a due process violation occurred.

### 1. Substantive Due Process

With respect to substantive due process claims brought by pretrial detainees, the Supreme Court established the principle that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535-36 (1979). In determining whether a restriction is punitive, the Bell Court formulated the "reasonable relationship" test. Id. at 539 ("[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment."). In distinguishing what restrictions are punitive from those that are regulatory, courts can look to a number of factors, including:

> Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment -- retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned . . . .

Bell, 441 U.S. at 537-38 (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963). However, "[a]bsent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the

restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" Id. at 538 (quoting Kennedy, 372 U.S. at 168-69.). Thus, "if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." Id. at 539.

Unconstitutional punishment typically includes both objective and subjective components. The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" Wilson v. Seiter, 501 U.S. 294, 298 (1991). Thus,

> [A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.

Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007) (quoting Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999). To evaluate a pretrial detainee's claim on unconstitutional punishment, courts must examine the totality of circumstances within the institution. Hubbard v. Taylor, 399 F.3d 150, 160 (3d Cir. 2005).

Defendants first move to dismiss Plaintiff's Complaint on the basis that he has failed to state claim for a substantive due process violation. Accepting the allegations in Plaintiff's Complaint as true, Plaintiff was placed in the Medical Isolation Unit without cause and Defendants refused to remove him despite his numerous requests. Although Plaintiff does not expressly reference that the purpose of his isolation was "punishment," he does allege that he was detained in the Medical Isolation Unit "without a cause." Construing the Complaint

liberally in favor of Plaintiff, as the Court must do in evaluating a motion to dismiss a *pro se* Complaint, the Court concludes that the allegations raise an inference of impermissible punishment that precludes granting Defendants' Motion on the basis that Plaintiff has failed to state a claim upon which relief can be granted. Nevertheless, Defendants' have moved for summary judgment in the alternative, and, for the reasons that follow, the Court finds that such relief is warranted in their favor.[1]

The Third Circuit has explained that if additional facts are required to resolve a pretrial detainee's substantive and procedural due process claims, they are usually appropriately resolved by the submission of an affidavit of a prison official.

> In situations such as this, where the allegations of punishment are coextensive with the allegations that form the basis for the procedural due process claim, it will generally be sufficient for the prison officials to submit affidavits to show that the classification was appropriate based on reasonable prison management concerns. While district courts have discretion to manage their cases, such affidavits alone will often be adequate to resolve the punishment inquiry. Although the substantive and procedural due process evaluations are distinct, a showing by the prison officials that a restrictive housing assignment is predicated

---

[1] Defendants rely on the affidavit of Defendant Monza in support of their Motion. Reliance on declarations or affidavits of this type requires conversion of a motion to dismiss into a motion for summary judgment. *See* Berry v. Klem, 283 F. App'x 1, 3 (3d Cir. 2008) (citing Camp v. Brennan, 219 F.3d 1192, 1197 (3d Cir. 2000). Thus, it is appropriate to convert Defendants' Motion to Dismiss into a Motion for Summary Judgment. *See* Fed. R. Civ. P. 12(d); Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998) ("When matters outside of the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment.")

When converting a motion to dismiss under Rule 12(b)(6) into one for summary judgment "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Generally, a court should give notice of its intent to convert a defendant's motion to dismiss into a motion for summary judgment so that the plaintiff is not subjected to "summary judgment by ambush." In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D. N.J. 2002); *see also* Hancock Industries v. Schaeffer, 811 F.2d 225, 229 (3d Cir. 1987).

Here, Plaintiff is not taken by surprise as he had sufficient notice that the motion to dismiss would be converted into a motion for summary judgment because the motion was framed in the alternative and he also submitted materials beyond the complaint. *See* Serbin v. Consolidated Rail Corp., 140 F. App'x 336, 337 n.1 (3d Cir. 2005) (finding plaintiff "knew that the motion could be treated as one for summary judgment" where defendant filed a "motion to dismiss, or in the alternative, for summary judgment") (citing Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996)). Therefore, the Court will convert Defendants' Motion into one for summary judgment.

> on a legitimate managerial concern and is therefore not arbitrary or purposeless, will typically foreclose the substantive due process inquiry.

Stevenson, 495 F.3d at 69.

According to the affidavit of Defendant Monza, Plaintiff was placed on administrative segregation and housed in the Medical Isolation Unit at the request of the District Attorney who asked that Plaintiff be kept isolated from other inmates during the entirety of his detention in the Beaver County Jail. *See* ECF No. 24-1 at 1-2. Plaintiff was facing charges for criminal homicide, and, because of the specifics of the alleged crime, the District Attorney requested that he be segregated from the general population for security reasons. *See* ECF No. 28-1 at 1, 3, 4, 6, 7, 8, 10, 16, 17, 18, 27, 30, 32, 33, 43, 44. Specifically, there were other detainees in the jail who were involved in Plaintiff's criminal case with whom he was not allowed to have contact. *See* ECF No. 28-1 at 6, 7, 30, 32, 33, 43, 44. There is no question that "internal security of detention facilities is a legitimate governmental interest." Block v. Rutherford, 468 U.S. 576, 586 (1984) (citing Bell, 441 U.S. at 546.). The question before the Court, therefore, is narrow: whether Plaintiff's placement in administrative segregation was reasonably related to the security of the jail. Plaintiff has failed to produce evidence from which a reasonable jury could find that it was not.

The evidence in the record makes clear that Plaintiff was isolated not out of punishment but because there were other detainees in the jail who are involved in his criminal case and it was a security risk to allow him to have contact with these individuals. There is no question that the restrictions imposed upon him were reasonably related to the legitimate goal of maintaining safety and security at the jail. Moreover, the Third Circuit has instructed that deference is to be

given to the correctional institution's reasoning for housing a pretrial detainee in a particular manner:

> In considering the asserted rationale for placing pretrial detainees in restricted housing, courts should be mindful of our pronouncement in Shoats: "Shoats could conceivably be held in administrative custody merely because his prior crimes reasonably foreshadow future misconduct." Shoats, 213 F.3d at 146. This consideration is consistent with the Supreme Court's emphasis on the principle that "we are unwilling to substitute our judgment on these difficult and sensitive matters of institutional administration and security for that of 'the persons who are actually charged with and trained in the running' of such facilities." Block v. Rutherford, 468 U.S. 576, 588 (1984) (quoting Bell, 441 U.S. at 562).

Stevenson, 495 F.3d at 71. The Supreme Court has also instructed that courts must accord prison administrators "wide-ranging deference in the adoption and execution of polies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell, 441 U.S. at 547. For these reasons, summary judgment will be granted in favor of Defendants.

### 2. Procedural Due Process

"The core of due process is the right to notice and a meaningful opportunity to be heard." LaChance v. Erickson, 522 U.S. 262, 266 (1998). The Third Circuit has stated that "[a]lthough pretrial detainees do not have a liberty interest in being confined in the general prison population, they do have a liberty interest in not being detained indefinitely in the SHU without explanation or review of their confinement." Stevenson, 495 F.3d at 69. In order to determine what procedural protections are adequate, "[d]ue process is flexible and calls for such procedural protections as the particular situation demands. Accordingly, resolution of the issue whether . . . administrative procedures provided . . . are constitutionally sufficient requires analysis of the governmental and private interests that are affected." Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (citations omitted).

"[T]he process required for administrative transfers of pretrial detainees need not be extensive." Stevenson, 495 F.3d at 70 (Recognizing that "the government interest in maintaining prison security for the duration of their detention is substantial."). A pretrial detainee who is transferred into more restrictive housing for administrative purposes need only be provided with an explanation of the reason for their transfer and an opportunity to respond. Id.; *see also* Hewitt v. Helms, 459 U.S. 460, 474, 476 (1983). This must occur "within a reasonable time after transfer." Id.

In this case, Plaintiff was housed in the Medical Isolation Unit for administrative reasons. Specifically, he was segregated at the request of the District Attorney because he was facing charges for criminal homicide, and because of the specifics of the alleged crime and the fact that individuals involved with Plaintiff's criminal case were also confined in the jail, the District Attorney believed that Plaintiff should be segregated from the general population during the duration of his detention in the Beaver County Jail. Plaintiff was made aware of the reason for his segregation and he was allowed the opportunity to respond. Plaintiff was committed to the Beaver County Jail on July 18, 2011. (ECF No. 24-1 at 1.) He was moved to the Medical Isolation Unit at the request of the District Attorney on July 20, 2011, and he was advised of why he was being housed in the Medical Isolation Unit on July 29, 2011. Id. at 1-2. Plaintiff was even appreciative of being isolated due to the nature of his case. *See* id. at 5 ("I thank you for isolating me, with my case being high priority people stay out of my business with me isolated."). On August 1, 2011, Plaintiff asked if he was allowed to write to the District Attorney requesting that he be moved to the general population, and he was told that he could do so. Id. at 7. However, it is unclear as to whether he actually did. For the remainder of the year, Plaintiff continued to file request slips and grievances concerning his placement in the Medical Isolation

Unit. *See generally* ECF No. 28-1. He was consistently informed that, per the District Attorney's orders, he was required to be isolated during the duration of his detention and that he could write to the District Attorney requesting that he be moved. Id. Although Plaintiff was offered the opportunity to move to the Special Needs Unit in November 2011, he refused. (ECF No. 24-1 at 10-11.) He refused again in January 2012, but later agreed and was moved. Id. at 11.

The indisputable evidence in this case is that Plaintiff had notice of the administrative reasons for his segregation and an opportunity to respond. Plaintiff received all the procedural due process that was required, and, therefore, Defendants will be granted summary judgment.

**AND NOW**, this 20th day of November, 2012;

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants (ECF No. 24) is denied. The Motion for Summary Judgment will be granted by separate Order.

**AND IT IS FURTHER ORDERED** that that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge


cc: **MONROE WEEKLEY, III**
    KS 9184
    SCI Pittsburgh
    PO Box 99991
    Pittsburgh, PA 15233
    *Via U.S. Postal Mail*

    Counsel of Record
    *Via ECF Electronic Mail*